UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHANA MUNIZ on behalf of A.C.S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**MEMORANDUM AND ORDER**

20-CV-4741 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Johana Muniz ("Plaintiff"), on behalf of her minor child A.C.S. ("Claimant"), appeals the final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying Plaintiff's claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings reversing Defendant's determination and remanding the case for further proceedings. (*See* Pl.'s Mem. L. Supp. Mot. J. Plead ("Pl.'s Mem."), ECF No. 14.) Defendant cross-moves pursuant to Rule 12(c) for judgment on the pleadings affirming the Commissioner's decision. (*See* Def. Mem. L. Supp. Cross-Mot. J. Plead. ("Def.'s Mem."), ECF No. 19-1.)

    For the reasons stated on the record at the January 25, 2022 oral argument and as set out below, Defendant's motion is GRANTED, Plaintiff's motion is DENIED, and the Commissioner's decision is AFFIRMED.

## BACKGROUND

    Claimant is a minor child and was born on July 13, 2006. (Admin Tr. ("Tr.") at 33, ECF No. 10.) On November 27, 2017, Plaintiff filed an application for SSI on behalf of Claimant, alleging disability due to attention deficit hyperactivity disorder ("ADHD"), mild developmental

language disorder, mild language-based learning disability, and dyslexia. (*Id*. at 32, 153–62, 184.) The alleged onset date of Claimant's disability was February 26, 2016 (the "Onset Date"). (*Id*. at 32.) Plaintiff's application was denied. (*Id*.) On September 30, 2019, Plaintiff and Claimant appeared pro se and testified at a hearing before an administrative law judge ("ALJ"). (*Id*.) On November 22, 2019, the ALJ issued a decision finding Claimant not disabled. (*Id*. at 41.) Plaintiff requested review by the Appeals Council, which was denied on August 25, 2020, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1–7.)

## STANDARD OF REVIEW

Under the Social Security Act, a disability Plaintiff may seek judicial review of the Commissioner's decision to deny her application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *See Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . ."). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination.  *See Jones ex rel. Tr.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011).  Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's.  *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

Plaintiff challenges the Commissioner's decision on two grounds: (1) the ALJ failed to properly develop the record by not requesting an opinion from Claimant's treating physician; and (2) the ALJ failed to make a credibility determination as to Claimant's testimony at the administrative hearing.

### I. The ALJ's Duty to Develop the Record

"ALJs have an affirmative duty to develop the record." *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 645 (2d Cir. 2020) (citing *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination." *Id.*; *see also* 20 C.F.R. § 404.1512(b). When there is an obvious or "clear gap[ ]" in the record, the ALJ is required to seek out missing medical records, even when a party is represented by counsel. *Id.* (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)). Where the plaintiff proceeds pro se, the ALJ's duties are heightened—the "ALJ must adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered and by scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (quotation marks, citation, and alterations omitted).

Here, Plaintiff complains that the ALJ failed to obtain the opinions from Claimant's treating physicians. That alone does not warrant remand. As a general matter, courts in this district have found that the ALJ's duty to develop the record does not require the ALJ to seek medical opinions from treating sources. *See Cameron v. Comm'r of Soc. Sec.*, 537 F. Supp. 3d 378, 380 (E.D.N.Y. 2021) ("I disagree with plaintiff's argument that the ALJ's obligation extended to attempting to have treating providers actually draft opinions that they had not drafted before.") (internal citations omitted)). Indeed, the Second Circuit has held that remand based on an ALJ's failure to seek a treating source's opinion is not warranted where the record is extensive and includes an assessment of the plaintiff's limitations. *See Tankisi v. Comm'r Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (holding that remand was not warranted solely on the ground that the ALJ failed to request medical opinions where the medical record did not include

4

formal opinions from the plaintiff's treating sources but was extensive and included an assessment of plaintiff's limitations by her treating physician). In other words, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Guillen v. Berryhill*, 697 F. App'x 107, 108 (2d Cir. 2017) (quotation marks and citation omitted).[1]

Although there is no treating physician opinion in the record, there are treating physician evaluations and functional assessments made by other medical sources. For example, Dr. Sherry Singh, who treated Claimant every six months since 2006, completed a questionnaire assessing Claimant's functional abilities and treatment progress. (Tr. at 353–356.) Dr. Singh found that Claimant's fine/gross motor skills, sensory ability and social/emotional skills were age appropriate, but her communication skills and cognitive skills were not. (*Id*. at 354.) Dr. Singh also found Claimant was able to care for herself age appropriately. (*Id*.) The ALJ acknowledged that Dr. Singh did not specifically assess Claimant's functional limitations with respect to the six domains but found that her assessment on the whole did not support marked functional limitations. The ALJ gave persuasive weight to Dr. Singh. (*Id*. at 38.)

The ALJ also assessed medical records from Dr. Laurence Miller. Dr. Miller conducted an in-person psychiatric consultative examination on April 5, 2018. (Tr. at 362–367.) Dr. Miller did not provide an opinion specifically addressing the six domains but did evaluate Claimant's functional ability with respect to: concentration; completion of age-appropriate tasks; asking questions and requesting assistance; learning in accordance with cognitive functioning; attending

---

[1] Under the revised regulations, effective for applications filed after March 27, 2017, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a)

5

to and following directions; maintaining appropriate social behavior; responding to changes in the environment; awareness of dangers; and interacting with others. (*Id*. at 365.) The ALJ gave Dr. Miller's opinion persuasive weight. (*Id*. at 38.) Finally, Dr. Duran-Soriano, a treating physician, provided several treatment progress reports, including an October 16, 2019 reevaluation submitted at the request of the ALJ. (*Id*. at 342–352, 383–392, 436–438.) These evaluations did not specifically address the six domains but did assess the claimant's functionality in several relevant areas. (*See e.g., id*. at 336–339 (assessing intellectual function, visual-motor function, language, memory, achievement, reading, math, writing/spelling, and adaptive behavior).) Although the ALJ did not determine what weight to give Dr. Duran-Soriano, the ALJ relied on her examination records to determine that the Claimant has no health and physical well-being limitations. (*Id*. at 41.) Dr. Ruth Laurie Lax, a treating neuropsychologist, provided several lengthy neuropsychological evaluations. (*Id*. at 333–341, 369–382, 417–418.) The ALJ noted that Dr. Lax's evaluations support some functional limitations but do not reference them with respect to the six domains. (*Id*. at 38.) The ALJ found Dr. Lax limitedly persuasive. (*Id*.) Examiners S. Iman (pediatrics) and E. Selesner (psychology) provided a disability determination explanation specifically addressing the Claimant's limitations with respect to the six domains and in light of her treating physician records. (*Id*. at 89–99.)

In addition to the above medical record evidence, the ALJ assessed three questionnaires submitted by Claimant's teachers and one submitted by her speech therapist. (*Id*. 37–38.) Each of these questionnaires asked the evaluators to rate Claimant's functional abilities as relevant to the six domains. Here, there is ample evidence from medical and lay sources that goes to Claimant's functional abilities with respect to the domains. Further, the ALJ requested records

6

post-hearing in light of Claimant's ongoing symptoms. At bottom, the ALJ did not fail to properly develop the medical record, which provided substantial evidence for the denial of SSI.[2]

## II. The ALJ's Credibility Determination of Lay Witness Statements

"It is the function of the Secretary, not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Hum. Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). "A finding that the witness is not credible must . . . be set forth with sufficient specificity to permit intelligible plenary review of the record." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 260–61 (2d Cir. 1988) (citing *Carroll*, 705 F.2d at 643). Where, as here, the ALJ has determined a claimant has a medically determinable impairment but the claimant's statements regarding pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a credibility finding. *See* SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017). Under SSR 96-7p, "[w]hen additional information is needed to assess the credibility of [an] individual's statements about symptoms and their effects, the [ALJ] . . . must consider in addition to the objective medical evidence" the following factors:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

---

[2] At oral argument, Plaintiff argued that the ALJ also failed to fully development the record by proffering submissions that contradicted Claimant and Plaintiff's testimony only eight days before issuing a decision. This argument was not raised in Plaintiff's motion but, in any event, does not change the outcome here where the ALJ's decision was supported by the medical evidence in the record.

7

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p. "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (summary order) (internal quotation marks omitted).

Plaintiff argues that the ALJ's "boilerplate" finding that the Claimant's testimony was "not entirely consistent with the medical evidence and other evidence in the record" was not a sufficiently particular credibility determination. (Pl.'s Mem. at 10.) But that argument seemingly ignores fulsome consideration of Claimant's testimony. Specifically, the ALJ discussed Claimant's testimony with respect to: (1) her performance in school; (2) her social interactions in school and with friends; (3) the medication she takes and its effects; (4) her physical health; (5) the lack of disciplinary measures taken at school; (6) her daily activities and chores at home; and (7) the Claimant's hobbies. (Tr. at 35–36.) The ALJ went on to question the Claimant's mother (Plaintiff) about the accuracy of Claimant's testimony. (*Id.*) Plaintiff's testimony, as described and considered by the ALJ, went into greater detail about Claimant's symptoms and functional limitations. (*Id.*)

The ALJ found Plaintiff's testimony unpersuasive. (*Id.*) Plaintiff testified that Claimant was behind in school and learning and was having difficulty adjusting. (*Id.*) Plaintiff also testified that a neurologist evaluated Claimant and found she has a learning disorder and dyslexia, which makes it difficult for Claimant to read at times and work with numbers. (*Id.*)

8

Further, Plaintiff testified that Claimant has ADHD. (*Id*.) Finally, Plaintiff testified that Claimant was given an increased dosage of medication (Methylphenidate), which improved Claimant's abilities significantly. (*Id*.) The ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however the allegations concerning the intensity, persistence, and limiting effect of the symptoms of her impairments were not consistent with the medical evidence and other evidence in the record. (*Id.* at 36.) The ALJ found that the record as a whole did not support marked functional difficulties. (*Id*. at 37.) Further, the ALJ found that the record was generally consistent with Plaintiff's testimony that Claimant's symptoms improved significantly when placed on medication. (*Id*.) Although Claimant's treating physician provided a record that referenced Plaintiff's assertion that Claimant's medication did not seem to help with focus, the ALJ found this inconsistent with Plaintiff's own testimony at the hearing. (*Id*). The ALJ further noted that Claimant is in the appropriate grade for her age with academic supports. (*Id*.) Based on this evidence, and the objective medical evidence on the record, the ALJ concluded that Plaintiff and Claimant's allegations regarding the severity of Claimant's symptoms was "not entirely consistent" with the evidence. (*Id*.)

      Plaintiff's cases in support of her argument are not persuasive. For instance, in *Castano v. Astrue*, the court rejected the "boilerplate phrase 'not entirely credible' to reject plaintiff's complaint" based on a finding that the record as a whole did not support the ALJ's decision. 650 F. Supp. 2d 270, 280 (E.D.N.Y. 2009). That is not the case here, where there was evidence (including Plaintiff and Claimant's own testimony) that the Claimant's symptoms improved with the use of medication. (Tr. at 35.) For example, Claimant's speech therapist, I. Fernandez, indicated that Claimant's pragmatic skills were age-appropriate and her ability to focus and

9

concentrate improved with the use of her medication. Further, the ALJ considered and relied on testimony regarding several of the regulatory factors above. *C.f., Wright v. Astrue*, 2008 WL 620733, at *3 (Mar. 5, 2008) ("The only factor the ALJ considered in rejecting [claimant's] testimony concerning the effect of her pain was her daily activities."). In sum, the ALJ properly considered and weighed Plaintiff and Claimant's testimony in light of the medical evidence in the record.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for judgment on the pleadings is DENIED, Defendant's cross-motion for judgment on the pleadings is GRANTED, and the Commissioner's final decision is AFFIRMED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 3, 2022

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge